## CIRCUIT COURT OF WARREN COUNTY

Voss

v.

Teofilo A. Puray

June 3, 1986

Case Nos. (Law) 7330, 7332

By JUDGE HENRY H. WHITING

The following is the Court's ruling upon the demurrers filed in this case.

*On the scope of the notice in relation to
the allegations of the motion for judgment*

The defendant contends that he should not be required to defend against certain of the allegations of the motion for judgment because they were not included in the "reasonable description of the act or acts of malpractice" required by Virginia Code Section 8.01-581.2. The acts of malpractice described in the notice were that the defendant: (1) "failed to properly assess the duration of pregnancy"; (2) failed to properly assess "the size of Bridgette Voss *in utero*"; (3) failed to properly assess "the adequacy of the pelvis of Anita Voss"; and (4) "forced a vaginal delivery when such was contra-indicated." The allegations said not to be covered by that notice are that the doctor failed to respond to the mother's "increasing concern about fetal size and her ability to safely deliver the infant vaginally"; to "deliver the infant by caesarean section when the advisability of that procedure was clearly indicated" and performing "a forced vaginal delivery using improper techniques."

The cases from other circuits are instructive. In *Lewis v. Glover,* ▮ Washington County, the notice provision dealt with *prenatal* care to the mother and her unborn child but made no mention of any *postnatal* negligence. Specifically, it gave no warning that the doctor failed to provide effective resuscitation to the infant *after* its birth, and such evidence was excluded. *Boggs v. Lonesome Pine Hospital,* ▮ Thirtieth Judicial Circuit, was a case in which ˆ the notice merely described an accident that the patient had in attempting to get out of a wheelchair without indicating any act of negligence in failing to diagnose or prescribe a proper treatment to the patient. Obviously the doctor was on no notice of a failure to properly diagnose and treat the patient and the Court sustained the demurrer to those particular counts but held that the doctor and the hospital were on notice that they had failed to exercise reasonable care to keep a proper watch over the patient where the notice told them he was attempting to get a buzzer to summon a nurse when she became ill or was thus caught in the wheelchair upon attempting to get out of it. The decision in Fairfax County of *Glen v. DeLorme and Fairfax Hospital Association* ▮ was one in which the notice simply told the hospital that she developed a bacterial infection during an operation without saying how or why, and further that a nurse had pulled an IV out a patient's arm, left her unattended and also left a piece of the IV needle in her arm. The trial Judge pointed out that the last two acts charged were specific acts of negligence and could have been the subject of proof at the trial, but the failure to tell the hospital how and why the bacterial infection was caused did not give the hospital notice that it was being charged with negligence in failing to complete culture reports, sensitivity reports, and not keeping correct or proper data or completing laboratory reports and improper administration of medicine.

34

*Adams v. Lewis,*▮ decided in the Circuit Court of the City of Richmond, charged negligence in perforation of a small bowel and the Court held that this was sufficient to put the doctor on notice that he failed to properly diagnose and treat the bowel perforation as well as to inform the doctor that he was negligent in: (1) failing to: (a) obtain the plaintiff's informed consent, (b) properly diagnose and treat the bowel perforation; (2) performing unnecessary surgery; and (3) certain other acts after the patient was discharged from the hospital.

The statute and the rule establish a standard of a "reasonable description of the act or acts of malpractice." It seems to me that this means that the claimant is going to have to tell the doctor, even if only in a general sort of way, what he did wrong, and I do not believe telling a doctor that he negligently perforated a bowel during an operation is sufficient to put him on notice that he was guilty of additional acts of malpractice in failing to obtain an informed consent or in performing other unnecessary surgery unrelated to the bowel perforation but it might include negligent acts following the bowel perforation.

In the Court's opinion the mother's increased concern about fetal size and ability to deliver the infant vaginally could and should not be a specific act of negligence; it is simply an allegation of evidence which might give rise to some duty upon the doctor to do something, and that duty must be alleged elsewhere.

The charge that he failed to use a caesarean section delivery would be covered, at least inferentially, by the notice that he forced a vaginal delivery when it was contraindicated. I believe any doctor knows that babies must be delivered either vaginally or by caesarean section, and when the doctor is told that a vaginal delivery was contraindicated it seems to me he must therefore infer that he should have done a caesarean section. If I am in error about this and there is some other way to deliver babies, perhaps counsel will file a supplemental memorandum and the Court may have to reconsider the matter.

The charge that this doctor used improper techniques in the vaginal delivery does not seem to be indicated in the notice and seems to charge an entirely separate and distinct act of malpractice. I think this doctor could fairly assume he was being charged with a vaginal delivery when it should have been a caesarean section because of the size of the mother and the child and perhaps the length of the pregnancy, but I do not see how he would be on notice that, if the vaginal delivery was a proper method of delivery, he did it with improper techniques merely by a charge that the method of delivery was contra-indicated.

### Statutory Limit for Damages

The next issue the Court must resolve is whether the plaintiffs can continue to assert a claim for sums in excess of the statutory limit. In the Court's opinion they cannot do so and the Court should not permit them to argue to the jury for a recovery of sums in excess of the clearly mandated statutory maximum. If the appellate courts later decide this statute is unconstitutional, the case will simply have to be re-tried, but I believe it would be clearly improper for a jury to be considering a potential claim of sums in excess of the statutory amount even though ultimately they award a sum less than that amount.

The contention is made by the defendant that the statutory limit applies to both the mother and the child, but my reading of the statute convinces me that the Legislature is referring to "a patient" and that when the child is born it is an additional "patient."